## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Eli Wayne Freeland,**
**Petitioner Below, Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 12-1244** (Mason County 11-C-60)

**Marvin Plumley, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Eli Freeland, by counsel Drannon Adkins, appeals the September 27, 2012, order of the Circuit Court of Mason County denying his petition for writ of habeas corpus. Respondent Marvin Plumley, Warden,[1] by counsel Laura J. Young, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

On May 6, 2008, petitioner was indicted on one count of first degree robbery and one count of conspiracy to commit robbery. On October 20, 2008, petitioner pled guilty to the lesser included offense of second degree robbery. As part of the plea agreement, the State dismissed the conspiracy charge. Petitioner was sentenced to a term of incarceration of not less than five years nor more than eighteen years. In June of 2011, petitioner filed a pro se petition for writ of habeas corpus. In March of 2012, petitioner filed an amended petition for writ of habeas corpus with the assistance of counsel. On August 15, 2012, and August 17, 2012, the circuit court held an omnibus evidentiary hearing. Petitioner was denied habeas relief following this hearing by order entered on September 27, 2012.

On appeal, petitioner alleges three assignments of error. First, petitioner alleges that he received ineffective assistance of counsel. According to petitioner, his trial counsel did not speak with his co-defendants or interview his father; failed to investigate a possible alibi defense; failed to adequately consult with him during the proceedings; failed to schedule a psychological

---

[1]The petition for appeal originally listed the warden of Mount Olive Correctional Complex, David Ballard, as the respondent. However, petitioner has subsequently been transferred to Huttonsville Correctional Center. Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the appropriate party has been substituted in the style of this matter.

1

evaluation; and promised him that he would be sentenced to the Anthony Center. In his second assignment of error, petitioner alleges that his procedural due process rights were violated because he was denied adequate procedures to determine whether he was mentally competent to enter a plea agreement. Third, petitioner alleges the circuit court erred in finding that he entered his plea agreement knowingly, intelligently, and voluntarily.

This Court has previously held that

> [i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). After careful consideration of the record and the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the petition for writ of habeas corpus and that petitioner's assignments of error are without merit. Petitioner's counsel investigated the case, obtained discovery, met with petitioner, reviewed the police report, investigated possible defenses, advised petitioner of his chances if the case went to trial, and watched the video footage of the robbery. Petitioner's counsel also attempted to interview co-defendants but was informed by their respective counsel that they would not consent to an interview. The record also reflects that petitioner fully discussed the plea agreement with his counsel, that he understood the terms and conditions of the agreement and the maximum penalty, that he set forth the factual basis to support the plea, that he was cognizant and responsive during the plea colloquy, and that he stated his satisfaction with his counsel's representation. For these reasons, the Court finds no error in regard to the circuit court's findings of fact or conclusions of law. Having reviewed the circuit court's "Judgment Order" entered on September 27, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 27, 2012 order denying the petition for writ of habeas corpus is affirmed.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II